

October 25, 2021

**Jura C. Zibas**
212.915.5756 (direct)
Jura.Zibas@wilsonelser.com

**Via ECF**
The Honorable Kiyo A. Matsumoto
United States District Court Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:    Charming Beats LLC v. Cary Academy**
> **21-cv-04713-KAM-VMS**

Dear Judge Matsumoto:

Our office represents defendant Cary Academy in the above referenced matter. We write pursuant to Your Honor's Individual Rules and Practices, Rule III.B.1, to request a pre-motion conference to address Cary Academy's proposed motion to dismiss the Complaint. Specifically, Cary Academy maintains that this Court lacks personal jurisdiction over the defendant and therefore the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). Furthermore, to the extent the Court determines that jurisdiction is proper, Plaintiff also fails to state a claim under the Copyright Act and therefore dismissal is also appropriate under Fed. R. Civ. P. 12(b)(6).

As conceded in the Complaint, Cary Academy is a not-for-profit company domiciled in North Carolina. (Cmpl. ¶¶ 3, 17). More specifically, Cary Academy is a private school serving middle and high school students in Cary, North Carolina and the surrounding area. The Complaint arises from a video of a middle school dance recital posted to YouTube.com, in which Plaintiff's copyrighted song can allegedly be heard for approximately 145 seconds of a 41 minute student production. (Cmpl. ¶¶ 20, 22). While Plaintiff incorrectly categorizes the video as an "advertisement," it is self-evidently a recording of a school event made available for students and parents.  The video was viewed less than 180 times and the background music was captured incidentally during the students' dance performance.

"[T]he plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Kernan v. Kurz- Hastings, Inc.*, 175 F.3d 236, 240 (2d. Cir. 1999) (internal citations omitted). Aside from the bald and inaccurate allegation that Cary Academy committed a tort outside of New York "knowing its action would have consequences in this state" (Cmpl. ¶¶ 4, 8),

**WILSON** ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 2 -

Plaintiff's Complaint alleges no facts whatsoever connecting Cary Academy to New York. These bare allegations are insufficient to establish jurisdiction.

To determine whether personal jurisdiction exists over an out-of-state defendant, a district court engages in a two-part analysis. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243-44 (2d Cir. 2007). First, a court looks to whether personal jurisdiction over the defendant exists under New York state law. *Id*. at 244; *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 386 (S.D.N.Y. 2006). If a court finds personal jurisdiction exists under the laws of the state, it must next determine whether or not the assertion of jurisdiction in the particular circumstances of the case will violate constitutional requirements of due process. *Id*. The court should find that principles of due process are satisfied only if jurisdiction is asserted over a non-resident that has "certain minimum contacts with the forum such that the maintenance of a suit would not offend traditional notions of fair play and substantial justice." *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945).

Here, the Complaint is entirely devoid of allegations that would allow the Court to find that either New York State law or Due Process considerations allow the Court to exercise jurisdiction over Cary Academy. There are two types of jurisdiction that a court may exercise over a defendant: general and specific. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 411 (1984). These two types of jurisdiction are reflected under New York's jurisdiction statutes. *See* N.Y. C.P.L.R. §§ 301-302; *see also Beatie and Osborn LLP*, 431 F.Supp.2d at 386. Neither form of jurisdiction applies to Cary Academy.

N.Y. C.P.L.R. § 301 is New York's general jurisdiction statute and provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. A non-resident defendant may be subject to personal jurisdiction under Section 301 only if it is "doing business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Loberiza v. Calluna Maritime Corp.*, 781 F.Supp. 1028, 1030 (S.D.N.Y. 1992). New York courts emphasize that the Section 301 "doing business" test is a stringent one. *Jacobs v. Felix Block Erben Verlag Fur Buhne Film Und Funk KG*, 160 F.Supp.2d 722, 731 (S.D.N.Y. 2001). The courts focus on factors such as (1) the existence of an office in the state; (2) the solicitation of business in the state; (3) the presence of bank accounts and other property in the state; (4) the authority to do business in New York as a foreign corporation, and (5) the presence of employees in the state. *Hoffritz for Cutlery Inc. v. Amaja, Ltd.*, 763 F.2d 55, 64 (2d. Cir. 1985). Applying these factors, there can be no "general" jurisdiction over Cary Academy in New York because Cary Academy operates a school in North Carolina for North Carolinian schoolchildren.

Cary Academy is also not subject to "long arm jurisdiction" in New York. Plaintiff apparently bases its claim of "long arm jurisdiction" against Cary Academy on an alleged tort committed outside the state having impact inside the state pursuant to N.Y. C.P.L.R. § 302(a)(3)(ii). (Cmpl. ¶¶ 4, 8). However, the Complaint alleges no facts sufficient to satisfy the statute.

Jurisdiction is only proper under Section 302(a)(3)(ii) for an alleged tortious act committed outside the state if the defendant expects or should reasonably expect its acts to have



- 3 -

consequences in the state **and** defendant derives substantial revenue from interstate or international commerce. *See* N.Y. C.P.L.R. § 302(a)(3)(ii). Neither of these sub-prongs apply to Cary Academy.

For the first prong to apply, a defendant's "act must have caused injury to a person or property within New York." *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 325-26 (S.D.N.Y. 2013). "In commercial torts, the courts have uniformly held that the mere fact that the plaintiff resides in New York and therefore ultimately experiences a financial loss there is not a sufficient basis for jurisdiction under § 302(a)(3)." *Interface Biomedical Laboratories Corp. v. Axiom Medical, Inc.*, 600 F. Supp. 731, 738 (E.D.N.Y. 1985). Here, Plaintiff offers nothing more than the insufficient allegation that Plaintiff resides in New York and therefore suffered pecuniary harm in New York. (Cmpl. ¶¶ 7, 16). Jurisdiction fails on this basis alone.

For the second prong to apply, a defendant must "derive substantial revenue from interstate or international commerce." Cary Academy does not derive any revenue—substantial or otherwise—from interstate or international commerce. Rather, Cary Academy is a non-profit school that generates its revenue in the form of tuition collected from students in North Carolina. Notably, it is not a boarding school hosting students from around the country or the world. It also warrants mention that the disputed YouTube video was not monetized on the platform and therefore no revenue was generated from its publication. Plaintiff's invocation of Section 302(a)(3)(ii) fails for this reason as well.

Finally, should the Court reach the substance of the claims, Plaintiff's Complaint also fails on the merits. First, the allegedly copyrighted work was not synced to the disputed video. Rather, the music was ambient sound captured while recording a dance recital held for educational purposes at a school. *See Coleman v. ESPN, Inc.*, 764 F. Supp. 290 (S.D.N.Y. 1991). Thus, the Complaint is barred by the fair use doctrine. *Tresóna Multimedia, Ltd. Liab. Co. v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 652 (9th Cir. 2020) (student choir performance held to be fair use due to the "limited and transformative nature of the use and the work's nonprofit educational purposes in enhancing the educational experience of high school students.").

Second, Plaintiff fails to adequately allege the removal of copyright management information or the requisite intent to conceal future infringement required to state a claim for violation of the Digital Millennium Copyright Act. *See Design Pics v. Pbh Networks,* No. 20-CV-1096 (MKB) (JO), 2021 U.S. Dist. LEXIS 4076 (E.D.N.Y. Jan. 8, 2021); *Michael Grecco Prods. v. Function(X) Inc.*, 2019 U.S. Dist. LEXIS 41738 (S.D.N.Y. Mar. 11, 2019); *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596 (S.D.N.Y. 2010).

Accordingly, Cary Academy requests a pre-motion conference to address its proposed motion to dismiss. Cary Academy proposes the following briefing schedule: Initial motion papers due 21 days from the pre-motion conference; opposition papers, if any, due 21 days from the filing of the initial moving papers; and reply papers, if any, due 7 days from the filing of the opposition papers.

259943419v.1



Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Jura C. Zibas

cc:    **All Parties (Via ECF)**

259943419v.1